| | | |
|---|---|---|
| KEVIN SCOTT AND | ) | |
| RAEANNE NILSEN, | ) | **CIVIL ACTION FILE** |
| | ) | **NO.** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MILITARY R&R SOLUTIONS, INC, | ) | JURY TRIAL DEMANDED |
| RICHARD WORSHAM, | ) | |
| AND BRUCE SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COME NOW Plaintiffs, Kevin Scott and Raeanne Nilsen, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and file this Complaint, showing the Court as follows:

1.

This is an action for minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for unpaid overtime under the FLSA, and for retaliation under the FLSA.

## PARTIES

2.

Plaintiff Kevin Scott is a citizen of the United States of American and a

resident of the State of Georgia.

3.

Plaintiff Raeanne Nilsen is a citizen of the United States of America and a resident of the State of Georgia

4.

Defendant Military R&R Solutions, Inc. ("MR&R") is a Tennessee corporation with a principal office location of 2801 Wilma Rudolph Boulevard, Suite 303, Clarksville, TN 37040. MR&R can be served in Georgia through its registered agent at 1420 Southlake Plaza Drive, Morrow, GA 30260.

5.

MR&R maintains a physical presence in Georgia by operating a store located at 3507 Manchester Expressway, Store #22, Columbus, GA 31909.

6.

Defendant Richard Worsham is a Tennessee resident who may be served at 2801Wilma Rudolph Boulevard, Suite 303, Clarksville, TN 37040.

7.

At all relevant times, Defendant Worsham served as Chief Executive Officer of MR&R.

8.

Defendant Bruce Smith is a Tennessee resident who may be served at 2801 Wilma Rudolph Boulevard, Suite 303, Clarksville, TN 37040.

9.

At all relevant times, Defendant Smith served as President and Chief Financial Officer of MR&R.

10.

At all relevant times, Defendants were engaged in the business of selling vacation packages involving travel between states and internationally.

11.

At all relevant times, Defendants were subject to the minimum wage requirements of the FLSA, 29 U.S.C. § 206.

12.

At all relevant times, Defendants were subject to the overtime requirements of the FLSA, 29 U.S.C. § 207.

13.

At all relevant times, Defendants were subject to the anti-relation provision of the FLSA, 29 U.S.C. § 215(a)(3).

14.

At all relevant times, Plaintiffs were "employees" of Defendants as defined

by the FLSA, 29 U.S.C. § 203(e).

## JURISDICTION AND VENUE

### 15.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out the FLSA.

### 16.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count II of this Complaint, which arises out the FLSA.

### 17.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count III of this Complaint, which arises out the FLSA.

### 18.

Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred within the Columbus Division of the Middle District of Georgia.

## STATEMENT OF FACTS

### 19.

On or about February 24, 2015, Plaintiff Scott was hired by MR&R as a Travel Representative in Killeen, Texas.

20.

On or about November 1, 2015, Plaintiff Scott transferred to MR&R's store in Clarksville, Tennessee.

21.

In December, 2015, Plaintiff Scott transferred to MR&R's store in Columbus, Georgia.

22.

On or about May 4, 2015, Plaintiff Nilsen was hired by MR&R as a Travel Representative in Killeen, Texas.

23.

On or about November 1, 2015, Plaintiff Nilsen transferred to MR&R's store in Clarksville, Tennessee.

24.

In December, 2015, Plaintiff Nilsen transferred to MR&R's store in Columbus, Georgia.

25.

At all relevant times, Plaintiffs' job duties included soliciting potential customers to make sales.

26.

Plaintiffs' duties were not limited to sales; Plaintiffs were required to supervise and train salespeople and perform various administrative tasks.

27.

At all relevant times, Defendants misclassified Plaintiffs as independent contractors.

28.

At all relevant times, Plaintiffs were required to submit daily reports of their sales and actions, but not hours worked.

29.

At all relevant times, Plaintiffs were required to obtain permission and instructions from Defendants to engage in any promotional activities to attract potential customers.

30.

At all relevant times, Plaintiffs were solely employed by Defendants.

31.

Defendants trained Plaintiffs and gave Plaintiffs scripts to follow when soliciting potential customers.

32.

Plaintiffs were hired for an indefinite period of time.

33.

Defendants provided the workspace and all tools and equipment used in the performance of Plaintiffs' duties.

34.

Plaintiffs were paid a set weekly base rate of pay regardless of hours worked.

35.

While Plaintiffs could earn commissions through sales, commissions were only paid when the commissions exceeded base pay.

36.

Plaintiffs rarely earned commissions.

37.

Plaintiffs regularly worked more than 40 hours per week.

38.

Plaintiffs were not paid time and a half for hours worked beyond 40.

39.

Plaintiffs regularly worked from the time stores opened until the time stores closed.

40.

Defendants did not record or otherwise monitor Plaintiffs' work hours.

41.

In several workweeks, Plaintiff's hourly pay dropped below $7.25.

42.

In at least one workweek, Plaintiff Nilsen was paid nothing.

43.

At all relevant times, Defendants knew Plaintiffs were working more than 40 hours per week.

44.

Plaintiffs complained to Defendants about Defendants' failure to pay minimum wage and overtime.

45.

Defendant Worsham responded by saying, "Take it to the labor board son."

46.

On or about May 16, 2016, Defendants terminated Plaintiffs.

47.

In terminating Plaintiffs, Defendants were motivated by Plaintiffs' complaints regarding minimum wage and overtime violations.

## Count I:  FLSA Minimum Wage Violations

48.

Plaintiffs reassert and incorporate Paragraphs 1-47 as if fully set forth herein.

49.

At all relevant times, Plaintiffs were required to be paid minimum wage.

50.

Defendants willfully failed to pay a regular rate of $7.25 per hour, as shown in Paragraphs 34-45 of this Complaint.

51.

As a result of Defendants' unlawful conduct, Plaintiffs are entitled to recover actual damages, an equivalent amount as liquidated damages, attorney fees, and litigation costs.

## Count II:  FLSA Overtime Violations

52.

Plaintiffs reassert and incorporate Paragraphs 1-47 of this Complaint as if fully set forth herein.

53.

At all relevant times, Plaintiffs were required to be paid time and a half for all hours worked above 40 hours per week.

54.

Defendants willfully failed to pay the required overtime compensation, as

demonstrated in Paragraphs 34-45 of this Complaint.

55.

As a result of Defendants' unlawful conduct, Plaintiffs are entitled to recover their unpaid overtime compensation, an equivalent amount as liquidated damages, attorney fees, and litigation costs.

## Count III:  FLSA Retaliation

56.

Plaintiffs reassert and incorporate Paragraphs 1-47 of this Complaint as if fully set forth herein.

57.

Plaintiff's complaints regarding minimum wage and overtime violations were protected disclosures under the FLSA.

58.

Plaintiffs suffered the adverse action of termination of employment.

59.

Defendants' termination of Plaintiffs was in direct retaliation for Plaintiffs' protected disclosures.

60.

Defendants have violated the FLSA's anti-retaliation provision.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for relief as follows:

A. For a trial by jury;

B. For a finding that Defendants violated Plaintiffs' rights as set forth herein;

C. For a judgment in Plaintiffs' favor for unpaid overtime and minimum wages, an equivalent amount as liquidated damages, prejudgment interest, attorney fees, and litigation costs;

D. For a judgment in Plaintiffs' favor on their retaliation claims, full back pay, pre-judgment interest, compensatory damages, attorney fees, and litigation costs;

E. For a finding that Defendants' FLSA violations were willfull;

F. Punitive damages; and

G. Any such other and further relief as the Court deems proper and just.

This 24th day of February, 2017.

Respectfully submitted,
The Kirby G. Smith Law Firm, LLC


s/ Micah Barry
Micah Barry
Georgia Bar No. 103184
Kirby G. Smith
Georgia Bar No. 250119
*Attorneys for Plaintiffs*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Dunwoody, GA 30338
Phone:  (844) 454-7529
Fax:  (877) 352-6253
mjb@kirbygsmith.com
kgs@kirbygsmith.com

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury.

This 24th day of February, 2017.

By:   <u>s/ Micah Barry</u>
Micah Barry
Georgia Bar No. 103184